Affirmed by published opinion. Judge GREGORY wrote the opinion, in which Judge WILKINSON joined. Judge WILKINSON wrote a separate concurring opinion. Judge MOTZ wrote an opinion concurring in the judgment.
OPINION
GREGORY, Circuit Judge.
Pamela C. Nunnery appeals the district court’s reversal of the bankruptcy court’s determination that a judgment debt owed to her by June L. Rountree was not dis-chargeable in bankruptcy. Because Rountree did not obtain “money, property, services, or an extension, renewal, or refinancing of credit” via her fraud on Nunnery, we affirm the district court’s decision and hold that the exception to discharge does not apply.
I.
In 1991 Nunnery was involved in an automobile accident with Eric Baucom in Charlotte, North Carolina. Florists’ Mutual Insurance (“the insurance company”) defended Baucom and his company in the subsequent lawsuit in the Superior Court of Gaston County, North Carolina. To help prepare its defense, the insurance company hired Rountree to investigate the validity of Nunnery’s injuries. Rountree was a private investigator but was not licensed by the State of North Carolina. Rountree befriended Nunnery and convinced her to attempt activities in which Nunnery was reluctant to participate because of her injuries. Rountree videotaped Nunnery water skiing, jet skiing, riding horses, and enjoying amusement *218 park rides. The insurance company used these videotapes in its defense to Nunnery’s personal injury suit.
After the original litigation, Nunnery filed suit against Rountree in the Superior Court of Gaston County, alleging, inter alia, fraud, intentional and negligent infliction of emotional distress, and unfair and deceptive trade practices. A nonbinding arbitration awarded Nunnery $1,000,000, but the superior court granted Rountree a trial de novo. Rountree then filed for bankruptcy in the Eastern District of Virginia, prompting a stay of the North Carolina trial. Nunnery petitioned the bankruptcy court to determine the dischargeability of the arbitration award. The bankruptcy court transferred the case to the United States District Court because the underlying complaint was a personal injury tort claim. The district court then granted Nunnery’s motion to abstain, and the trial proceeded in Gaston County. The jury awarded Nunnery $70,000 in compensatory damages for emotional distress and $930,000 in punitive damages, which the trial court reduced to $250,000 pursuant to North Carolina law.
Nunnery then revived her complaint to determine the dischargeability of the judgment debt and moved the bankruptcy court for summary judgment. The bankruptcy court, without oral argument, granted summary judgment to Nunnery. The court considered the applicability of two subsections of 11 U.S.C. § 523 (2000), “Exceptions to discharge”: (a)(2)(A) and (a)(6).
Subsection (a)(6) provides that the Bankruptcy Act will not discharge a debtor from any debt “for willful and malicious injury by the debtor to another entity or to the property of another entity.” § 523(a)(6). The bankruptcy court stated that to prove an exception under this subsection, Nunnery would have to show that Rountree injured Nunnery, acted with intent to injure Nunnery, and acted maliciously. The court found that the judgment Nunnery obtained in North Carolina was not sufficient to establish that Rountree acted willfully with intent to injure and so denied the application of subsection (a)(6). Nunnery has chosen not to appeal the bankruptcy court’s ruling that § 523(a)(6) does not apply to her claim.
The bankruptcy court also found, however, that Nunnery had satisfied the requirements of subsection (a)(2)(A), which excepts from discharge any debt “for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by — false pretenses, a false representation, or actual fraud.” § 523(a)(2)(A). The court considered all five elements of fraud — (1) false representation, (2) knowledge that the representation was false, (3) intent to deceive, (4) justifiable reliance on the representation, and (5) proximate cause of damages — and concluded that Nunnery’s North Carolina judgment proved all five. Without considering the “to the extent obtained by” language, the court ruled that under § 523(a)(2)(A) Rountree could not discharge her judgment debt (both compensatory and punitive) in bankruptcy proceedings and granted Nunnery’s motion for summary judgment.
Rountree appealed to the district court, and that court, emphasizing the “obtained by” language, reversed the bankruptcy court’s ruling. The district court found that the bankruptcy court had properly applied the law of fraud but erred in applying § 523(a)(2)(A) because Rountree never obtained anything by defrauding Nunnery. The court relied on Cohen v. De La Cruz, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), and Collier on Bank *219 ruptcy[1] and distinguished Pleasants v. Kendrick, 219 F.3d 372 (4th Cir.2000), to make its ruling. The court emphasized that for the exception to apply, either the debtor must obtain or the creditor must lose “money, property, services, or an extension, renewal, or refinancing of credit.” Nunnery appealed the district court’s ruling that her claim did not satisfy the requirements of § 523(a)(2)(A) to this Court.
II.
We review “the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court.” Foley & Lardner v. Biondo (In re Biondo), 180 F.3d 126, 130 (4th Cir.1999). Because the district court made no factual findings, we review its conclusions of law de novo. Id. at 130.
III.
The Bankruptcy Act provides several exceptions to its general discharge of an individual’s debts. Under 11 U.S.C. § 523(a)(2)(A), the code will not discharge a debtor from any debt “for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by- — false pretenses, a false representation, or actual fraud.” When considering the applicability of an exception to discharge, we construe the exception narrowly “to protect the purpose of providing debtors a fresh start.” Biondo, 180 F.3d at 130.
The plain language of the subsection under which Nunnery seeks relief requires the debtor to have obtained money, property, services, or credit through her fraud or use of false pretenses. It is clear from the structure of the phrase that “to the extent obtained” modifies the money, property, services, or credit that constitute the debt. A plain reading of this subsection demonstrates that Congress excepted from discharge not simply any debt incurred as a result of fraud but only debts in which the debtor used fraudulent means to obtain money, property, services, or credit. Structurally, the subsection can have no other meaning.
We adhere to the principle of statutory construction that advises us to “account for a statute’s full text.” U.S. Nat’l Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 455, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993). We thus note that in the exceptions to discharge articulated in § 523, Congress provided protection for creditors injured by the torts of bankrupt debtors in subsection (a)(6), which excepts from discharge a debt incurred as a result of the debtor’s “willful and malicious injury” to the creditor or her property. It would be unnecessary for subsection (a)(2)(A) also to provide relief for judgment creditors injured in tort. The additional subsection of § 523(a)(2), which excepts from discharge debts for money, property, services, or credit to the extent obtained by use of a false written statement, § 523(a)(2)(B), makes clear that Congress intended § 523(a)(2) to protect creditors who were tricked by debtors into *220 loaning them money or giving them property, services, or credit through fraudulent means. In Nunnery’s case, Rountree’s fraud may have injured her, but Rountree did not commit the fraud in order to obtain anything in the sense contemplated by § 528(a)(2).
Both Supreme Court and our own precedent support our interpretation of the exception in this case. The Supreme Court explained the rationale behind Congress’s adoption of the exceptions to discharge in Local Loan v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). The Court stated that bankruptcy proceedings provide “a new opportunity in life and a clear field for future effort” to an individual burdened by excessive debt, but it also cautioned that such a new opportunity is available only for the “honest but unfortunate debtor.” Hunt, 292 U.S. at 244, 54 S.Ct. 695. When a debtor has acquired debt through fraudulent means, the exceptions to discharge protect the duped creditor and demand that the debtor make good for her misdeeds. Brown v. Felsen, 442 U.S. 127, 138, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).
The Supreme Court has provided some guidance for our analysis of the specific question in this case. It has ruled that a bankruptcy court may look behind the record of the underlying judgment to determine if the debtor indeed obtained the debt through fraudulent means. Brown, 442 U.S. at 138-39, 99 S.Ct. 2205. The Court has held that a bankruptcy court should use a preponderance of the evidence standard to determine fraud in exception cases. Grogan v. Garner, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). It has determined that subsection (a)(2)(A) provides an exception to the discharge of punitive damages when those punitive damages arise from a debt obtained through fraud. Cohen, 523 U.S. at 215, 118 S.Ct. 1212. The Court has also held that the subsection excepts from discharge the settlement agreement in a fraud case. Archer v. Warner, 538 U.S. 314, 316, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003).
The dicta in the Court’s fraud-exception jurisprudence lend support to Nunnery’s claim that Rountree’s judgment debt cannot be discharged in bankruptcy. In Brown, the Court stated that the “broad language” of the code “suggests that all debts arising out of the conduct specified in § [523] should be excepted from discharge.” 442 U.S. at 138, 99 S.Ct. 2205. The Court repeated this “all debts arising from” language in Cohen. 523 U.S. at 215, 222, 118 S.Ct. 1212. In Archer, the Court reiterated its own language from Brown that the Bankruptcy Act excepts “from discharge ... all fraud claims creditors have successfully reduced to judgment.” 538 U.S. at 321, 123 S.Ct. 1462.
Other statements from the Court support the district court’s interpretation of the statutory language that the debtor needs to have obtained something through her fraud. In Grogan, the Court emphasized that the subsection excepted from discharge “money obtained by ‘actual fraud.’ ” Grogan, 498 U.S. at 280-81, 111 S.Ct. 654. In a footnote in that case, the Court pointed out that § 523 provides other avenues for victims of fraud whose debtors have not obtained anything from them to protect their claims: “[F]raud judgments in cases in which the defendant did not obtain money, property, or services from the plaintiffs ... are more appropriately governed by § 523(a)(6).” Id. at 282 n. 2, 111 S.Ct. 654.[2]
*221 This Circuit infrequently has considered the fraud exception. In Biondo, in which we addressed the “refinancing of credit” language of the subsection, we stated that the statutory language contemplates the debtor’s obtaining something from the creditor:
Section 523(a)(2)(A) covers debts incurred through the direct provision of “money, property, [or] services.” As noted above, the primary debtor-creditor relationship is covered by § 523(a)(2)(A) through express language extending its scope to debts incurred through the direct acquisition of value.
180 F.3d at 131 (emphases added). We also emphasized that we do not allow “perpetrators of fraud ... to hide behind the skirts of the Bankruptcy Code.” Id. at 130.
In Pleasants, we excepted from discharge a judgment debt awarded to a creditor to compensate for damages caused by the debtor’s fraud. The Kendricks had contracted with Pleasants for construction on their house. They relied on Pleasants’s representation that he was a licensed architect who had graduated from the University of Virginia. Upon learning that Pleasants had lied to them and had constructed a house with serious defects, the Kendricks sued Pleasants for the money they paid to a third party to fix the damage Pleasants had caused. Pleas-ants, 219 F.3d at 374. We relied on Cohen in ruling that although the money the Kendricks lost went to a third party, their fraud claim against Pleasants was excepted from discharge under § 523(a)(2)(A). Id. at 375. We stated that Cohen’s language “is broad enough to encompass a situation in which no portion of a creditor’s claim was literally transferred to the fraudulent debtor.” Id.
Nunnery argues that this Court should reverse the district court and declare Rountree’s judgment debt nondischargeable because the debt arises out of Rountree’s fraudulent actions. She relies on the language quoted above and claims that the Supreme Court’s statement in Cohen that “ § 523(a)(2)(A) prevents the discharge of all liability arising from fraud,” Cohen, 523 U.S. at 215, 118 S.Ct. 1212, applies to debt arising from fraudulent actions even where those actions do not result in the debtor’s obtaining anything from the creditor. She also relies on the Court’s interpretation of debt as “liability on a claim” and claim as “right to payment” or “nothing more or less than an enforceable obligation.” Id. at 218, 118 S.Ct. 1212 (citing 11 U.S.C. § 101 and Pa. Dep’t of Pub. Welfare v. Davenport, 495 U.S. 552, 559, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990)). Finally, Nunnery relies on Pleasants, arguing that this Court did not require that the debtor have obtained anything from the creditor. She claims that because her enforceable obligation against Rountree arose out of Rountree’s fraud, this Court should consider that obligation nondischargeable.
A closer reading of Cohen, however, demonstrates that the district court was correct in its interpretation of the statute. In Cohen, the Court considered the dischargeability of an award of treble damages under a New Jersey rent-control law. Cohen, 523 U.S. at 215, 118 S.Ct. 1212. In the underlying action, the bankruptcy court found that Cohen had fraudulently obtained $31,382.50 in excess rent from his tenants. Id. The court further found that Cohen had violated the New Jersey law and consequently awarded treble damages to those tenants. Id. at 215-16, 118 S.Ct. *222 1212. The Supreme Court ruled that the Bankruptcy Act excepted both the compensatory damages and the punitive damages from discharge because the punitive damages could be considered a debt arising from the debtor’s obtaining money through fraud. Id. at 218, 118 S.Ct. 1212.
The key in Cohen is that the debtor obtained something through his fraud. The Court requires at the threshold that the debtor gain something: “Once it is established that specific money or property has been obtained by fraud, however, ‘any debt’ arising therefrom is excepted from discharge.” Id. The Court clarified its holding by stating that subsection (a)(2)(A) “is best read to prohibit the discharge of any liability arising from a debt- or’s fraudulent acquisition of money, property, etc., including an award of treble damages for fraud.” Id. at 221, 118 S.Ct. 1212 (emphasis added). Admittedly, the Court states several times that the subsection “bars the discharge of all liability arising from fraud,” but in each example the Court uses to illustrate its point, the debtor has fraudulently obtained money or property from the creditor. Id. at 222, 118 S.Ct. 1212 (emphasis added). Although Cohen expands the notion of debt in the context of the fraud exception, it still requires that the debtor have obtained something from the creditor for that debt to qualify for the exception.
This Court’s ruling in Pleasants does not require us to read the subsection as Nunnery requests. In light of the understanding of the statute that we set forth in Biondo and of the Supreme Court’s statement in Grogan that § 523(a)(6) provides the more appropriate avenue for creditors damaged by the fraud of debtors who obtained nothing from their actions, we distinguish Pleasants. Although Pleasants obtained no part of the creditors’ subsequent judgment claim through his fraud, he did gain money through the fraud,[3] and the creditor lost money as a result of that fraud. This reading of Pleasants, which was the district court’s reading, is consistent with Collier on Bankruptcy and with Supreme Court precedent.
The district court’s ruling in this case is consistent with both the statute and the case law. Nunnery obtained a judgment based, in part, on Rountree’s fraud. Neither side disputes the fraud underlying the judgment. Neither side disputes the fact that Rountree obtained nothing directly or indirectly from Nunnery as a result of her fraud. Rountree claims that Nunnery lost neither money, property, services, nor credit as a result of Rountree’s fraud. Consequently, the only real issue in this case is whether the law requires that the debtor have fraudulently obtained something from the creditor or that the debtor simply have engaged in fraud that results in a debt owed to the creditor.
Both the plain language of the statute and the Supreme Court’s interpretation of that language lead us to require for exception to discharge that the debtor have fraudulently obtained money, property, services, or credit. In this case, Rountree’s fraud gained her none of those things. Section 523(a)(2)(A) is not, therefore, the appropriate exception to dis *223 charge in bankruptcy for Nunnery’s judgment claim against Rountree.
IV.
We affirm the district court’s decision to reverse the summary judgment awarded to Nunnery. We hold that the plain language of 11 U.S.C. § 523(a)(2)(A) and the Supreme Court’s interpretations of that language require that the debtor must obtain something through fraud for the exception to apply.

AFFIRMED.

. Collier on Bankruptcy interprets this subsection of the bankruptcy code as follows:
For a debt to fall within this exception, money, property or services, or an extension, renewal or refinancing of credit must actually have been obtained by the false pretenses or representations or by means of actual fraud. The purposes of the provision are to prevent a debtor from retaining the benefits of property obtained by fraudulent means and to ensure that the relief intended for honest debtors does not go to dishonest debtors. Before the exception applies, the debtors’ fraud must result in a loss of property to the creditor.
¶ 523.08[l][b] (15th ed„ rev.2004).

. As noted above, in this case, the Bankruptcy Court rejected Nunnery's claim under subsection (a)(6), and Nunnery did not appeal that decision. Given our understanding of the ex *221 tent of the exception articulated in subsection (a)(2)(A), Nunnery perhaps would have had a stronger claim for relief had she made that appeal.

. In Pleasants we point out that the Kendricks paid Pleasants to design and prepare architectural plans for their home. Pleasants was only able to receive payment through his fraudulent representation to the Kendricks that he was an architect. The relief the Kendricks sought in their suit against Pleasants included money paid to third parties to correct the damage that Pleasants had done, but it is clear that their need for relief arose out of the fraud through which Pleasants had obtained money from the Kendricks. 219 F.3d at 374-75.